EXHIBIT A

THIS IS NOT AN ARBITRATION COMPLAINT.
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

*Filed and Attested by the
Office of Judicial Records
08 FEB 2024 02:21 pm
C. SMITH*

**SIMON & SIMON, P.C.**
BY:  Marc I. Simon, Esquire
     Joshua A. Rosen, Esquire
     Matthew J. Zamites, Esquire
     Brian F. George, Esquire
     Michael K. Simon, Esquire
     Andrew Baron, Esquire
     Chad Williams, Esquire
     Joshua Baer, Esquire
     Sam Reznik, Esquire
     Mary G. McCarthy, Esquire
     Harry Gosnear, Esquire
     Daniel Ward, Esquire
     Christopher Green, Esquire

Kane Daly, Esquire
Brittany Sturges, Esquire
Roman Galas, Esquire
Christopher Burruezo, Esquire
Anthony Canale, Esquire
Sam Gangemi, Esquire
Abigail Boyd, Esquire
Paraskevoula Mamounas, Esquire
Richard Santosusso, Esquire
Nicole Hatton, Esquire
Rachel Rosenfeld, Esquire
Nicola Serianni, Esquire
Katherine Rice, Esquire

Attorney ID No.'s:
*201798*
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215-467-4666)

***Attorneys for Plaintiff***

| | | |
|---|---|---|
| Lisa Yancheck<br>76 Old Ashley Rd.<br>Wilkes-Barre, PA 18706 | :<br>:<br>: | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiff | : | |
| vs. | : | February Term 2024 |
| | : | |
| WS Asset Management, Inc. a/k/a WS | : | No. |
| Development d/b/a Highland Crossing | : | |
| 33 Boyleston St., Ste. 3000 | : | |
| Chestnut Hill, MA 02467 | : | |
| And | : | |
| Sam's Club East, Inc. d/b/a Sam's Club | : | |
| 441 Wilkes Barre Township Blvd. | : | |
| Wilkes-Barre, PA 18702 | : | |
| And | : | |
| Lorraine Shemanski | : | |
| 441 Wilkes Barre Township Blvd. | : | |
| Wilkes-Barre, PA 18702 | : | |
| And | : | |
| Sam's Real Estate Business Trust | : | |
| 702 S.W. 8th St. | : | |
| Bentonville, AR 72716 | : | |

|                                                                                              |     |
| -------------------------------------------------------------------------------------------- | --- |
| And                                                                                          | :   |
| Kohl's, Inc. d/b/a KOHL'S<br>445 Wilkes-Barre Township Blvd.<br>Wilkes-Barre Township, PA 18702 | :<br>:<br>: |
| And                                                                                          | :   |
| Divisions Maintenance Group, Inc.<br>1 Riverfront Pl.<br>Newport, KY 41071                    | :<br>:<br>: |
| And                                                                                          | :   |
| Divisions, Inc. d/b/a Division Maintenance Group<br>1 Riverfront Pl.<br>Newport, KY 41071     | :<br>:<br>: |
| And                                                                                          | :   |
| W/S/S Wilkes-Barre Properties BB Limited Partnership<br>33 Boyleston St., Ste. 3000<br>Chestnut Hill, MA 02467 | :<br>:<br>: |
| And                                                                                          | :   |
| W/S/S Wilkes-Barre Properties OP Limited Partnership<br>33 Boyleston St., Ste. 3000<br>Chestnut Hill, MA 02467 | :<br>:<br>: |
| Defendants                                                                                    | :   |

# NOTICE TO DEFEND

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND
INFORMATION SERVICE
One Reading Center
Philadelphia Pennsylvania 19107
Telephone: (215) 238-6300**

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE
FILADELFIA
SERVICIO DE REFERENCIA E
INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono:   (215) 238-6300**

## COMPLAINT

1.   Plaintiff, Lisa Yancheck, is resident and citizen of the Commonwealth of Pennsylvania, residing at the address set forth in the caption of this Complaint.

2.   Upon information and belief, Defendant, WS Asset Management, Inc. a/k/a WS Development d/b/a Highland Crossing, is a business entity in the Commonwealth of Massachusetts with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 453 Wilkes Barre Township Blvd., in Wilkes-Barre Township, PA.

3.   Upon information and belief, Defendant, Sam's Club East, Inc. d/b/a Sam's Club, is a business entity in the Commonwealth of Pennsylvania with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 453 Wilkes Barre Township Blvd., in Wilkes-Barre Township, PA.

4.   Upon information and belief, Defendant, Lorraine Shemanski, is a resident of the Commonwealth of Pennsylvania with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 453 Wilkes Barre Township Blvd., in Wilkes-Barre Township, PA.

5.   Upon information and belief, Defendant, Sam's Real Estate Business Trust, is a business entity in the State of Arkansas with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 453 Wilkes Barre Township Blvd., in Wilkes-Barre Township, PA.

6. Upon information and belief, Defendant, Kohl's, Inc. d/b/a KOHL'S, is a business entity in the Commonwealth of Pennsylvania with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 453 Wilkes Barre Township Blvd., in Wilkes-Barre Township, PA.

7. Upon information and belief, Defendant, Divisions Maintenance Group, Inc., is a business entity in the State of Kentucky with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 453 Wilkes Barre Township Blvd., in Wilkes-Barre Township, PA.

8. Upon information and belief, Defendant, Divisions, Inc. d/b/a Division Maintenance Group, is a business entity in the State of Kentucky with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 453 Wilkes Barre Township Blvd., in Wilkes-Barre Township, PA.

9. Upon information and belief, Defendant, W/S/S Wilkes-Barre Properties BB Limited Partnership, is a business entity in the Commonwealth of Massachusetts with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 453 Wilkes Barre Township Blvd., in Wilkes-Barre Township, PA.

10. Upon information and belief, Defendant, W/S/S Wilkes-Barre Properties OP Limited Partnership, is a business entity in the Commonwealth of Massachusetts with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or

otherwise legally responsible for the care, control and/or safety of the property located at 453 Wilkes Barre Township Blvd., in Wilkes-Barre Township, PA.

11.    Defendants named in paragraphs 2 through 10 above will be collectively referred to as "Defendants" for the entirety of this Complaint.

12. Upon information and belief, Defendants regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

13. At all times material hereto, Defendant was acting individually, jointly and/or by and through his agents, servants, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at 453 Wilkes Barre Township Blvd., in Wilkes-Barre Township, PA, collectively referred to hereinafter as "the premises."

14. On or about December 23, 2022, at approximately 4:00 p.m., Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

15.    At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

16. On or about December 23, 2022, while on Defendants' premises, Plaintiff was caused to slip and fall on the snow/ice and the dangerous condition in/on/of the parking lot on the premises, causing serious and permanent personal injuries on account of which this action is brought.

17.    At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the Plaintiff's injuries.

<u>COUNT I</u>
**Lisa Yancheck vs WS Asset Management, Inc. a/k/a WS Development d/b/a Highland Crossing
Personal Injury – Negligence**

18.     The negligence and/or carelessness of the Defendant, individually, jointly and/or through

their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of

the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to,

the following:

a.     Failure to design, construct, maintain, and/or repair the parking lot and/or other

areas on the premises, over which invitees, licensees and/or others are likely to

travel, rendering the premises unsafe;

b.     Failure to properly monitor, test, inspect or clean the parking lot and/or other

areas on the premises, to see if there were dangerous or defective conditions to

those legally on the premises;

c.     Failure to provide sufficient warning as to the reasonably foreseeable and

dangerous nature of the parking lot and/or other areas on the premises, to such

invitees, licensees and/or others legally on the premises;

d.     Failure to barricade and/or block-off the dangerous area of the parking lot and/or

other areas on the premises;

e.     Failure to reasonably inspect, maintain and/or otherwise exercise due and

reasonable care under the circumstances in view of the foreseeable dangers,

accidents and/or injuries that could occur as a result of the conditions on the

parking lot and/or other areas on the premises;

f.  Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.  Failing to exercise the proper care, custody and control over the aforesaid premises;

h.  Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.  Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.  Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.  Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.  Failing to properly and adequately maintain the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

19.  Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

20.  The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot, on the premises, causing the premises to be unsafe.

21. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-

existing conditions, and others ills and injuries, including to the left knee and left hip, all to Plaintiff's great loss and detriment.

22.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23.    As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

24.    As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

25.    Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Lisa Yancheck, demands judgment in Plaintiff's favor and against Defendant, WS Asset Management, Inc. a/k/a WS Development d/b/a Highland Crossing, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

### COUNT II
**Lisa Yancheck vs Sam's Club East, Inc. d/b/a Sam's Club**
**Personal Injury – Negligence**

26. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a.   Failure to design, construct, maintain, and/or repair the parking lot and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b.   Failure to properly monitor, test, inspect or clean the parking lot and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.   Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the parking lot and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.   Failure to barricade and/or block-off the dangerous area of the parking lot and/or other areas on the premises;

e.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the parking lot and/or other areas on the premises;

f.   Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.   Failing to exercise the proper care, custody and control over the aforesaid premises;

h.   Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.   Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.  Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.  Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.  Failing to properly and adequately maintain the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

27. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

28. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot, on the premises, causing the premises to be unsafe.

29. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the left knee and left hip, all to Plaintiff's great loss and detriment.

30. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

31. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

32. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

33. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Lisa Yancheck, demands judgment in Plaintiff's favor and against Defendant, Sam's Club East, Inc. d/b/a Sam's Club, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT III
### Lisa Yancheck vs Lorraine Shemanski
### Personal Injury – Negligence

34. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a.    Failure to design, construct, maintain, and/or repair the parking lot and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

    b.    Failure to properly monitor, test, inspect or clean the parking lot and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.    Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the parking lot and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.    Failure to barricade and/or block-off the dangerous area of the parking lot and/or other areas on the premises;

e.    Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the parking lot and/or other areas on the premises;

f.    Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.    Failing to exercise the proper care, custody and control over the aforesaid premises;

h.    Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.    Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.    Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.    Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.     Failing to properly and adequately maintain the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

35. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

36. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot, on the premises, causing the premises to be unsafe.

37. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the left knee and left hip, all to Plaintiff's great loss and detriment.

38. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

39. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

40. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

41. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Lisa Yancheck, demands judgment in Plaintiff's favor and against Defendant, Lorraine Shemanski, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

### COUNT IV
**Lisa Yancheck vs Sam's Real Estate Business Trust**
**Personal Injury – Negligence**

42. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a.    Failure to design, construct, maintain, and/or repair the parking lot and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

    b.    Failure to properly monitor, test, inspect or clean the parking lot and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

    c.    Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the parking lot and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

    d.    Failure to barricade and/or block-off the dangerous area of the parking lot and/or other areas on the premises;

    e.    Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers,

accidents and/or injuries that could occur as a result of the conditions on the
parking lot and/or other areas on the premises;

f.     Failure to comply with all building codes, county, township, and city laws,
       ordinances and regulations pertaining to the design, construction, and
       maintenance of the aforementioned premises;

g.     Failing to exercise the proper care, custody and control over the aforesaid
       premises;

h.     Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.     Failing to prevent and/or remove a dangerous condition derived, originated or had
       its source the aforesaid premises;

j.     Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice
       which the Defendant improperly permitted to exist and remain on the premises;

k.     Failing to prevent, detect, inspect, cure and/or warn of the presence of defective
       and poorly maintained parking lot, so as to cause unreasonable risk of harm to
       pedestrians on the premises; and

l.     Failing to properly and adequately maintain the parking lot on the "premises" in
       accordance with Philadelphia Code, other applicable codes and regulations, the
       common law, and/or their respective contractual responsibilities.

43. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the
parking lot of the premises where Plaintiff fell.

44. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly
maintained parking lot, on the premises, causing the premises to be unsafe.

45. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the left knee and left hip, all to Plaintiff's great loss and detriment.

46. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

47. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

48. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

49. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Lisa Yancheck, demands judgment in Plaintiff's favor and against Defendant, Sam's Real Estate Business Trust, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

<u>COUNT V</u>
**Lisa Yancheck vs Kohl's, Inc. d/b/a KOHL'S**
**Personal Injury – Negligence**

50. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the

Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a.  Failure to design, construct, maintain, and/or repair the parking lot and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b.  Failure to properly monitor, test, inspect or clean the parking lot and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.  Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the parking lot and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.  Failure to barricade and/or block-off the dangerous area of the parking lot and/or other areas on the premises;

e.  Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the parking lot and/or other areas on the premises;

f.  Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.  Failing to exercise the proper care, custody and control over the aforesaid premises;

h.  Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

      i.       Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

      j.       Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

      k.       Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

      l.       Failing to properly and adequately maintain the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

51. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

52. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot, on the premises, causing the premises to be unsafe.

53. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the left knee and left hip, all to Plaintiff's great loss and detriment.

54. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

55. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

56. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

57. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Lisa Yancheck, demands judgment in Plaintiff's favor and against Defendant, Kohl's, Inc. d/b/a KOHL'S, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT VI
### Lisa Yancheck vs Divisions Maintenance Group, Inc.
### Personal Injury – Negligence

58. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a.    Failure to design, construct, maintain, and/or repair the parking lot and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

    b.    Failure to properly monitor, test, inspect or clean the parking lot and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.  Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the parking lot and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.  Failure to barricade and/or block-off the dangerous area of the parking lot and/or other areas on the premises;

e.  Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the parking lot and/or other areas on the premises;

f.  Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.  Failing to exercise the proper care, custody and control over the aforesaid premises;

h.  Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.  Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.  Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.  Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.    Failing to properly and adequately maintain the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

59. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

60. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot, on the premises, causing the premises to be unsafe.

61. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the left knee and left hip, all to Plaintiff's great loss and detriment.

62. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

63. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

64. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

65. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Lisa Yancheck, demands judgment in Plaintiff's favor and against Defendant, Divisions Maintenance Group, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

### COUNT VII
### Lisa Yancheck vs Divisions, Inc. d/b/a Division Maintenance Group
### Personal Injury – Negligence

66. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a.    Failure to design, construct, maintain, and/or repair the parking lot and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

    b.    Failure to properly monitor, test, inspect or clean the parking lot and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

    c.    Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the parking lot and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

    d.    Failure to barricade and/or block-off the dangerous area of the parking lot and/or other areas on the premises;

    e.    Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers,

accidents and/or injuries that could occur as a result of the conditions on the parking lot and/or other areas on the premises;

f.      Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.      Failing to exercise the proper care, custody and control over the aforesaid premises;

h.      Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.      Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.      Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.      Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.      Failing to properly and adequately maintain the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

67. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

68. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot, on the premises, causing the premises to be unsafe.

69. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the left knee and left hip, all to Plaintiff's great loss and detriment.

70. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

71. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

72. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

73. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Lisa Yancheck, demands judgment in Plaintiff's favor and against Defendant, Divisions, Inc. d/b/a Division Maintenance Group, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT VIII
### Lisa Yancheck vs W/S/S Wilkes-Barre Properties BB Limited Partnership
### Personal Injury – Negligence

74. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the

Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a.   Failure to design, construct, maintain, and/or repair the parking lot and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b.   Failure to properly monitor, test, inspect or clean the parking lot and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.   Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the parking lot and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.   Failure to barricade and/or block-off the dangerous area of the parking lot and/or other areas on the premises;

e.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the parking lot and/or other areas on the premises;

f.   Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.   Failing to exercise the proper care, custody and control over the aforesaid premises;

h.   Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.   Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.   Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.   Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.   Failing to properly and adequately maintain the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

75. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

76. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot, on the premises, causing the premises to be unsafe.

77. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the left knee and left hip, all to Plaintiff's great loss and detriment.

78. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

79. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

80. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

81. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Lisa Yancheck, demands judgment in Plaintiff's favor and against Defendant, W/S/S Wilkes-Barre Properties BB Limited Partnership, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT IX
### Lisa Yancheck vs W/S/S Wilkes-Barre Properties OP Limited  Partnership
### Personal Injury – Negligence

82. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a.    Failure to design, construct, maintain, and/or repair the parking lot and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b.  Failure to properly monitor, test, inspect or clean the parking lot and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.  Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the parking lot and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.  Failure to barricade and/or block-off the dangerous area of the parking lot and/or other areas on the premises;

e.  Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the parking lot and/or other areas on the premises;

f.  Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.  Failing to exercise the proper care, custody and control over the aforesaid premises;

h.  Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.  Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.  Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.   Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.   Failing to properly and adequately maintain the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

83. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

84. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot, on the premises, causing the premises to be unsafe.

85. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the left knee and left hip, all to Plaintiff's great loss and detriment.

86. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

87. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

88. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

89. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Lisa Yancheck, demands judgment in Plaintiff's favor and against Defendant, W/S/S Wilkes-Barre Properties OP Limited  Partnership, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

SIMON & SIMON, P.C.

BY:_____/s_____
         Marc I. Simon, Esquire
         Simon & Simon, P.C.
         *Attorney for Plaintiffs*

## VERIFICATION

I, Marc I. Simon, hereby state that I am the attorney for Plaintiff, in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.


_Marc Simon_
_____
Marc I. Simon

DocuSign Envelope ID: 35D64401-87E4-4D3C-A756-CCD583EC2FA6

## VERIFICATION

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

DocuSigned by:

_Lisa Yardeck_

2CD73E1D281F457...

Case ID: 240200993