IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA YANCHECK, | : | No. 3:24cv409 |
|           Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WS ASSET MANAGEMENT INC. | : | |
| a/k/a WS DEVELOPMENT d/b/a | : | |
| HIGHLAND CROSSING; SAM'S | : | |
| CLUB EAST, INC. d/b/a SAM'S | : | |
| CLUB; LORRAINE SHEMANSKI; | : | |
| SAM'S REAL ESTATE BUSINESS | : | |
| TRUST; KOHL'S, INC. d/b/a | : | |
| KOHL'S;  DIVISIONS | : | |
| MAINTENANCE GROUP, INC.; | : | |
| DIVISIONS, INC. d/b/a | : | |
| DIVISION MAINTENANCE GROUP; | : | |
| W/S/S WILKES-BARRE | : | |
| PROPERTIES BB LIMITED | : | |
| PARTNERSHIP; W/S/S | : | |
| WILKES-BARRE PROPERTIES | : | |
| OP LIMITED PARTNERSHIP, | : | |
|           Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Plaintiff Lisa Yancheck's motion to remand this personal injury/negligence case to Pennsylvania state court based upon improper removal. The parties have briefed their respective positions, and the matter is ripe for disposition.

**Background**

Highland Crossing is a shopping center in Wilkes-Barre, Pennsylvania where a Sam's Club store and Kohl's store are located. This shopping center is evidently owned, managed, and/or maintained by the defendants. On December 23, 2022, plaintiff was a business invitee on defendants' premises. While there, plaintiff slipped and fell on snow and/or ice in the parking lot area. (Doc. 1-1, Compl. ¶ 16). Plaintiff alleges that due to the fall, she suffered serious and permanent injuries to her left knee and hip. (Id. ¶ 21). Accordingly, plaintiff instituted the instant negligence cause of action in the Court of Common Pleas of Philadelphia County on February 8, 2024. (Doc. 1-1).¹ The plaintiff's complaint contains nine counts, each involving allegations of negligence. (Doc. 1-1, ¶¶18-88).

On March 8, 2024, the following defendants filed a notice of removal of the case to this court: Sam's Club East, Inc., d/b/a Sam's Club, Lorraine Shemanski, and Sam's Real Estate Business Trust ("the Removing Defendants"). (Doc. 1). The Removing Defendants removed the case based upon diversity jurisdiction as

---

¹ The Removing Defendants removed the case to the United States District Court for the Middle District of Pennsylvania whereas the proper court for removal of a case filed in the Philadelphia County Court of Common Pleas is the Eastern District of Pennsylvania. See 28 U.S.C. 1446(a) (indicating that a notice of removal should be filed in the "district court of the United States for the district and division within which such action is pending" in state court). The court will nevertheless address the motion to remand. No party has raised the issue of the case being removed to an improper district court, and as discussed more fully below, the court finds that removal to any federal district court would be inappropriate.

2

set forth in 28 U.S.C. § 1332. Plaintiff filed a motion to remand this action on February 11, 2024 on the basis that diversity jurisdiction does not exist. The parties have briefed their positions, bringing the matter to its present procedural posture.

**Legal Standard**

Generally, a defendant can remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter. 28 U.S.C. § 1441. Once a case is removed, the federal district court may remand the case to state court if the district court determines that it lacks federal subject matter jurisdiction. 28 U.S.C. § 1447(c). Removal statutes are to be strictly construed against removal, and all doubts should be resolved in favor of remand. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 403 (3d Cir. 2004) (explaining that in analyzing a motion to remand, and "in order to carry out the Congressional intent to limit jurisdiction in diversity cases, doubts must be resolved in favor of remand"). The burden of establishing jurisdiction in the removal situation rests with the defendant. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 222 (3d Cir. 1999).

## Discussion

In the petition for removal, the Removing Defendants indicate that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, which provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between – (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

To satisfy this provision, the parties must be completely diverse, that is, no defendant can be from the same state as any plaintiff. Singh v. Daimler-Benz AG, 9 F.3d 303, 305 (3d Cir. 1993). In the instant case, plaintiff is a citizen of Pennsylvania, and Defendant Lorraine Shemanski is also alleged to be a citizen of Pennsylvania. (Doc. 1-1, ¶¶ 1, 4). Accordingly, it appears from the face of the complaint that diversity jurisdiction does not exist.

The Removing Defendants argue, however, that plaintiff named Lorraine Shemanski as a defendant to defeat diversity jurisdiction and to prevent removal of the case to federal court. In essence, they argue that plaintiff fraudulently joined Defendant Lorraine Shemanski as a defendant, and thus the court should disregard her citizenship for the purposes of diversity jurisdiction. Plaintiff, on the other hand, argues that Defendant Shemanski is a proper defendant and the

case should be remanded to state court. After a careful review, the court agrees with the plaintiff.

When a non-diverse party is joined, the defendants carry a "heavy burden of persuasion" to demonstrate that the non-diverse party was fraudulently joined. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1012 n.6 (3d Cir. 1987)). The law provides that:

> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'

Id. (internal citations, quotation marks, and editing marks omitted).

To determine whether a plaintiff has a colorable ground or basis for her claims, the court focuses on the complaint and takes all factual assertions therein as true. Id. (citing Steel Valley, 809 F.2d at 1010). Furthermore, the law requires the court to "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Id. (citing Boyer, 913 F.2d at 111).

Here, Count III of the complaint is specifically directed at Defendant Shemanski. (Doc. 1-1, ¶¶ 34-41). Although not fully explained in the complaint, the Removing Defendants reveal in their brief that Defendant Shemanski was a

5

store manager of one of the stores located in the shopping center.² (Doc. 16 at 8). Count III contains several allegations of negligence against Shemanski including, that she failed to "reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the parking lot and/or other areas on the premises[.]" (Doc. 1-1, ¶ 34(e)). Additionally, per the complaint, Defendant Shemanski failed "to barricade and/or block-off the dangerous area of the parking lot and/or other areas on the premises[.]" (Id. ¶ 34(d)). Defendant Shemanski was further negligent in "[f]ailing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises" according the complaint. (Id. ¶ 34(j)).³

The complaint therefore, includes typical "slip and fall" allegations against Defendant Shemanski. Such claims against a manager of a store are colorable under Pennsylvania law. See Rubino v. Genuardi's Inc., Civ. A. 10-6078, 2011 WL 344801 *4 (E.D. Pa. Jan. 31, 2011); Beck v. Albertson's Inc., Civ. A. 05-5064, 2005 WL 3111782, at *3 (E.D. Pa. Nov. 21, 2005); Ahearn v. BJ's

---

² As she is represented by the same attorneys who represent the Sam's Club defendants, it is a reasonable inference that Sam's Club employed Shemanski.

³ Defendant points out that the complaint contains the same allegations against each defendant. The court finds this fact to be of little import in deciding whether a colorable claim has been stated against this particular defendant.

Wholesale Club Inc., Civ. A. 2020 WL 1308216, at *3 (E.D. Pa. Mar. 18, 2020) (collecting cases).

Plaintiff has asserted a colorable claim against Defendant Shemanski, and as such, the court concludes that she was not fraudulently added to the case to defeat federal jurisdiction. Because the plaintiff and a defendant are citizens of the same state, this court does not have jurisdiction. Accordingly, plaintiff's motion for remand will be granted. An appropriate order follows.

Date: 10/31/24

JUDGE JULIA K. MUNLEY
United States District Court